## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PEGGY S. VALDEZ,

       **Plaintiff,**

vs.                              **No. CV 00-1777 MV/LCS**

JO ANNE B. BARNHART,
Commissioner of the Social
Security Administration,

       **Defendant.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS

### AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Plaintiff's Motion for an Order Authorizing Attorney Fees pursuant to 42 U.S.C. § 406(b)(1).  (Doc. 19.)  Plaintiff's counsel requests attorney fees in the amount of $12,000.00 for 18.6 hours of work associated with the federal litigation of Plaintiff's Social Security disability claim.  Plaintiff's counsel previously received $2,737.64 from the United States for legal services in this Court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").  (Doc. 18.)

On April 4, 2001, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. § 636(b)(1).  The United States Magistrate Judge, having considered the motions and memoranda, record, relevant law, and being otherwise fully advised, recommends that Plaintiff's Motion be **GRANTED**. If this recommendation is adopted, Plaintiff's counsel must refund the $2,737.64 received under EAJA pursuant to the Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186, less $324.70 expended on

advanced costs and $960.90 gross receipts tax.

## PROPOSED FINDINGS

1.      Plaintiff filed her application for disability income benefits on May 5, 1994.  (Doc. 10 at 1.)  The application was ultimately denied, and Plaintiff subsequently filed a complaint in this Court on December 18, 2000.  (Doc. 1; Doc. 10 at 1-2.)  On November 9, 2001, the Court reversed and remanded the case back to the Commissioner for further proceedings.  (Doc. 14.)  On remand, the Administrative Law Judge found Plaintiff to be disabled, and she was subsequently awarded past-due benefits of $95,383.60.  (Doc. 19 at 1.)

2.      Plaintiff's counsel requests § 406(b) fees in the amount of $12,000.00.  (*Id.*) Together with the § 406(a) fees of $4,000.00 already paid to Plaintiff's counsel, $16,000.00 represents 16.8% of Ms. Valdez's past-due benefits award.  (Doc. 20 at 2.)  The Defendant objects to this amount, asserting that it would amount to a windfall in comparison to the time Plaintiff's counsel spent on the case.  (Doc. 23 at 2.)  Defendant does not suggest what an appropriate award would be.

## DISCUSSION

Section 406(b)(1)(A) permits the Court, as part of its judgment, to allow a reasonable fee to the Plaintiff's counsel, not to exceed 25% of the past-due benefits awarded.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002); *see also Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001).  This Court may reduce such attorney fees "based on the character of the representation and the results the representative achieved."  *Gisbrecht*, 535 U.S. at 808 (citation omitted).  Such a reduction may be in order where the attorney is responsible for delay, where the representation is substandard, or where "the benefits are large in comparison to the amount of time counsel spent

on the case . . . ." *Id.* (citation omitted).  A court may require an attorney to submit a record of hours spent on a Social Security case as well as a statement of the attorney's normal hourly billing charge to assist the court in assessing the reasonableness of the attorney's fee.  *Id.* (citation omitted).  Defendant does not contend, nor do I see any evidence, that Ms. Valdez's attorneys delayed the proceedings in this matter; rather, the outcome reflects that they provided her with quality representation.  Defendant's only assertion is that $12,000.00 is unreasonable in light of the actual time spent in the case.  (Doc. 23 at 2.)

Plaintiff's counsel has the burden to show that it is reasonable to seek $12,000.00 in return for the services rendered to Ms. Valdez.  *Gisbrecht*, 535 U.S. at 807.  Counsel supports its position by noting several factors, including the time, labor, and skill required, the contingency fee negotiated, the amount involved and results obtained, and the experience, reputation, and ability of the attorney.  (Doc. 20 at 2-4.)  Counsel explains that while $12,000.00 for 18.6 hours[1] of work does translate to an average hourly rate of $645.16, this rate is reasonable because of the ten years the law firm invested in the case, the skill of the attorneys who expended fewer hours than a less-experienced lawyer would have, the success of the issues raised before this Court on remand, and the fact that the amount requested is considerably lower than the 25% cap authorized by statute.  (*Id.*; Doc. 24 at 2-3.)

I agree with counsel's arguments.  The firm's experience and skill decreased the necessary hours spent in an area that is highly repetitive, while a lawyer unfamiliar with the applicable statutes and regulations would inevitably have spent much more time working on a case like Ms.

---

[1] From my own experience, I would guess counsel worked more than 18.6 hours, but chose not to record time spent, for example, managing phone calls from the client checking on the status of the case.  I realize that some of counsel's time in these cases goes unrecorded, especially in a case that has lasted for ten years.

Valdez's. *See Blankenship v. Schweiker*, 676 F.2d 116, 118 (4th Cir. 1982). Counsel raised

three detailed arguments in its Memorandum in Support of Motion to Reverse and Remand (Doc.

9), all of which were addressed favorably on remand. (Doc. 20 at 4.) Ms. Valdez was ultimately

successful. She was awarded $95,383.60 in past-due benefits as well as $850.00 in continued

monthly benefits; her contingency fee contract with her attorneys does seem reasonable in light of

their skill, the quality of their representation, and the ultimate success of the case.

Ms. Valdez's $95,383.60 recovery in past-due benefits caps her attorneys' potential fee

award under § 406 at $23,845.90 for representation before both the Social Security

Administration and this Court. Plaintiff's attorneys have already received $4,000.00 in fees

authorized by § 406(a).[2] (Doc. 20 at 2.) Accordingly, the maximum fee under § 406(b) this

Court may authorize within the 25% boundary is $19,845.90. Counsel have asked for almost

$8,000 less than the maximum award. I recommend granting the request.

While $645.16 per hour is high fee, the hourly rate is within the range of fees awarded by

this Court in the past. *See, e.g.*, *Montes v. Barnhart*, No. 01-CV-578 (D.N.M. Dec. 3, 2004)

(fees awarded pursuant to § 406(b) translated to $701.75 per hour); *see also Faircloth v.

Barnhart*, No. 03-CV-597 (D.N.M. Sept. 27, 2005) (for a compilation of data on fees awarded in

the District of New Mexico under § 406(b)). Furthermore, when that fee is considered in

conjunction with a Social Security lawyer's risk of loss, an amount that would seem untenable in

an hourly rate arena suddenly becomes more palatable.

---

[2] Section "406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht*, 535 U.S. at 794; *see also* 20 C.F.R. § 404.1728(a) (2001).

4

## PROPOSED DISPOSITION

I recommend that Plaintiff's Motion for an Order Authorizing Attorney Fees, filed November 3, 2004 be granted.  (Doc.19.)  If this recommendation is adopted, Plaintiff's counsel must refund the $2,737.64 received under EAJA pursuant to the Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186, less $324.70 expended on advanced costs and $960.90 gross receipts tax. *See Gisbrecht*, 535 U.S. at 796.

Objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102.  A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**